## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TARREN BING,** | **CIVIL ACTION** |
| **Plaintiff,** | |
| | |
| **v.** | |
| | |
| **IRON MOUNTAIN SECURE** | **NO. 17-4191** |
| **SHREDDING, INC.,** | |
| **Defendant.** | |

## MEMORANDUM OPINION

Plaintiff worked as a driver for Defendant. One day on the job, while handling a bag of material weighing over one hundred pounds, Plaintiff suffered a back injury. A physician diagnosed him with a spinal strain and herniated disc that affected his ability to sit, stand, walk, bend, and lift. Plaintiff thus requested accommodations for his injury, including light duty restrictions and occasional leave to attend physical therapy appointments.

Although Plaintiff's supervisor initially approved the request, that approval was rescinded later that same day. The supervisor also called Plaintiff and directed him to cancel his upcoming physical therapy appointment and complete his job duties without any restrictions on lifting or driving. In response, Plaintiff contacted Defendant's Regional Director to report the failure to accommodate his back injury. The Regional Director did not investigate Plaintiff's complaint and instead instructed Plaintiff to obey his supervisor's commands. Plaintiff's back injury worsened while he was on the job.

According to Plaintiff, Defendant retaliated against him for reporting the lack of accommodation for his back injury. A few weeks after the injury, Defendant fired Plaintiff for smoking near the shredding containers in the workplace. Defendant has a zero-tolerance policy

for smoking near company facilities.  However, Plaintiff learned that other employees were found smoking at the workplace but did not suffer any disciplinary actions by Defendant.

Plaintiff now sues Defendant for violating the Americans with Disability Act (ADA), 42 U.S.C. § 12101 *et seq.*, in failing to provide reasonable accommodations for his disability and for retaliating against him after he requested the reasonable accommodations.  Defendant, in turn, has moved to dismiss Plaintiff's ADA claims under Federal Rule of Civil Procedure 12(b)(6), arguing that he has waived them based on a Compromise and Release Agreement ("C&R") adopted and approved by order of a Workers' Compensation Judge.

On a motion to dismiss under Rule 12(b)(6), a complaint must have sufficient factual matter, taken as true, to "state a claim to relief that is plausible on its face."  *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 263 n.27 (3d Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2007)).  A claim is facially plausible if the plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  At the Rule 12(b)(6) stage, items subject to judicial notice may be considered.  *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).  Judicial notice may be taken of "a fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. § 201(b)(2).  In support of its Rule 12(b)(6) motion, Defendant has attached the C&R entered into by the parties, which includes Plaintiff's signature.  The C&R appears on a form promulgated by the Pennsylvania Department of Labor & Industry Workers' Compensation Office of Adjudication.  Plaintiff has not disputed the authenticity of the document.  Accordingly, the C&R shall be judicially noticed at the motion to dismiss stage.  *See Zuber v. Boscov's*, 871 F.3d 255 (3d Cir. 2017) (evaluating a C&R at the Rule 12(b)(6) stage).

The principal question is whether Plaintiff has waived his ADA claims under the C&R. Pennsylvania contract law guides this inquiry. *See Zuber*, 871 F.3d at 258 (3d Cir. 2017) (citing *Mazzella v. Koken*, 559 Pa. 216 (1999)). Under Pennsylvania contract law, a release "covers only those matters which may be fairly said to have been within the contemplation of the parties when the release was given." *Id.* (quoting *Restifo v. McDonald*, 426 Pa. 5 (1967)). Further, Pennsylvania courts apply the plain meaning rule of contract interpretation: "When a written contract is clear and unequivocal, its meaning must be determined by its content alone. It speaks for itself and a meaning cannot be given to it other than that expressed. Where the intention of the parties is clear, there is no need to resort to extrinsic aids or evidence." *Steuart v. McChesney*, 498 Pa. 45, 49 (1982) (quoting *E. Crossroads Ctr., Inc. v. Mellon-Stuart Co.*, 416 Pa. 229, 230-31 (1965)).

The Third Circuit's decision in *Zuber* precludes dismissal of Plaintiff's ADA claims. *Zuber* concerned a C&R substantially similar to the one at issue here. The Third Circuit held that the C&R there did not release claims against an employer under the Family and Medical Leave Act (FMLA) and under Pennsylvania common law, resting its holding on both the language and structure of the C&R. *Zuber*, 871 F.3d at 259-60.

The language of the *Zuber* C&R stated that it was "intend[ed] . . . to be a full and final resolution of all aspects of the . . . alleged ***work injury claim*** and its sequela whether known or unknown at this time." *Id*. at 259 (emphasis added). This sentence, according to the Third Circuit, only prohibited the plaintiff from suing for additional work injury claims. *Id*. It did not prevent him from suing for violations of his FMLA rights. *Id*. Moreover, another sentence of the *Zuber* C&R provided that the plaintiff relinquished:

> "all rights to seek any and all past, present, and/or future benefits, **including, but not limited to, wage loss benefits, specific loss benefits, disfigurement**

3

[sic] **benefits, medical benefits** or any other monies of any kind including, **but not limited to, interests, costs, attorney's fees,** and/or penalties for or in connection with the alleged . . . **work injury claim** as well as any other **work injury claim(s)** Employee may have . . ." *Id.* (emphasis in original and emphasis added).

Based on the above language, the Third Circuit concluded that the C&R limited the *Zuber* plaintiff's relinquishment of "benefits" and "monies" to work injury claims – not FMLA or common law claims. *Id.* at 259-60.

There is no material difference between the various C&R provisions examined in *Zuber* and the ones here. Indeed, like the *Zuber* C&R, the C&R at issue here provides that Plaintiff and Defendant intended for the C&R "to be a full and final resolution of all aspects of the 5/23/2016 **alleged work injury claim** and its sequella [sic] whether known or unknown at this time." C&R, ¶ 19 (emphasis added); *cf. Zuber*, 871 F.3d at 259. Plaintiff's Complaint does not concern a "work injury claim," but rather Defendant's purported failure to provide reasonable accommodations for his disability and Defendant's retaliation in requesting these accommodations.

Further, as in *Zuber*, the C&R here provides that Plaintiff has relinquished "all rights to seek any and all past, present and/or future benefits, including, but not limited to, wage loss benefits, specific loss benefits, disfigurement benefits, and/or medical benefits **for or in connection with the alleged 05/23/2016 work injury claim**." C&R, ¶ 19 (emphasis added); *cf. Zuber*, 871 F.3d at 260. Even more pointedly, the C&R describes the consideration of the contract as follows: "In exchange for a full Compromise and Release of his **workers' compensation claim**, Claimant agrees he shall receive $40,000 in one lump sum." C&R, ¶ 10 (emphasis added).

Similarly, the language of the C&R at issue, given *Zuber*, cannot be read as a release of claims for acts of retaliation and failure to accommodate under the ADA. *See id.* The parties' stated intentions in entering into it were to decide whether Plaintiff was "entitled to ongoing temporary total disability benefits as a result of his work injury" and whether he "fully recovered from his injury . . . or [was] sufficiently recovered in order to return to full time, full duty employment with no loss of earnings." C&R, ¶ 16. As with the *Zuber* C&R, the gist of the C&R here was to resolve entitlement to work-injury benefits, not other types of legal claims Plaintiff may have had. 871 F.3d at 260.

Given its language, Plaintiff is not precluded by the C&R he signed in his workers' compensation matter from bringing the ADA claims he asserts here. More specifically, the parties' bargain in the C & R concerned release of Plaintiff's workers' compensation claims. In other words, the relinquishment of Plaintiff's rights is cabined to benefits from a work injury claim, not rights that arise under the ADA. *See Zuber*, 871 F.3d at 260.

Defendant, however, contends that *Zuber* is distinguishable because the C&R here contains language not found in the *Zuber* C&R: "This [C&R] pertains to whatever potential claim the [Plaintiff] may have had with regard to an injury allegedly occurring during his employment with [Defendant]." C&R, ¶ 19. According to Defendant, the word "whatever" is the silver bullet that dooms Plaintiff's ADA claims. The problem with this argument is that it ignores other language in the C&R that must be taken into consideration. *See Bethlehem Steel Corp. v. MATX, Inc.*, 703 A.2d 39, 42 (Pa. Super. 1997) ("[I]n construing a contract, each and every part of it must be taken into consideration and given effect, if possible, and the intention of the parties must be ascertained from the entire instrument."). Treating the additional language as a complete bar to Plaintiff's ADA claims would disregard the three provisions of the C&R

5

analyzed above.  *See* C&R, ¶¶ 10, 16, & 19.  As those three provisions state, the purpose of the C&R is to resolve work-injury claims, not other types of claims such as those arising under the ADA.  Consequently, it cannot be said that the release language is clear and specific enough to have waived Plaintiff's ADA claims.  *See Coventry v. U.S. Steel Corp.*, 856 F.2d 514, 522 (3d Cir. 1988) (holding, in context of Title VII, that the validity of a waiver turns on, among other things, "general principles of contract construction such as the clarity and lack of ambiguity of the language").  Defendant's motion to dismiss shall therefore be denied.

An appropriate order follows.

**BY THE COURT:**

**/s/Wendy Beetlestone, J.**

**WENDY BEETLESTONE, J.**

**Date: 1/18/18**